UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAULA ZELESNIK,                                     Case No. 1:18-cv-478

      Plaintiff,

                                Black, J.
      vs.                                           Bowman, M.J.

CORBETT CAUDILL, et. al.,

      Defendants.

**REPORT AND RECOMMENDATION**

      Plaintiff, a resident of Cincinnati, Ohio brings this action against a lengthy list of at least 21 identified individual Defendants.[1]  By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B).

     **I.**     **Analysis**

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action

---

[1] Two of the "individual" defendants appear to be groups of individuals, including a reference to "Susie Dlott/Chesley" and the "Keating 5."

is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In a span of just over a year, beginning on March 29, 2017 Plaintiff has filed seven lawsuits in this Court. Upon initial screening, the undersigned and U.S. Magistrate Judge Karen Litkovitz have recommended dismissal of six of the seven lawsuits based upon Plaintiff's failure to state any claim under 28 U.S.C. § 1915(e)(2)(B). Reviewing the claims presented in the most recent complaint filed prior to the instant suit, in Case No. 1:18-cv-433, the undersigned stated that Plaintiff

> claims to be suing for rape, attempted murder, fake lawsuit, fake judgments by all judges, as well as suing "Cincinnati and Senator Rob Portman for refusing to grant me any/all of the protection orders I requested." … The majority of Plaintiff's factual allegations are illogical and incomprehensible. The complaint provides no factual content or context from which the Court may reasonably infer any plausible claims against the named defendants. Furthermore, 28 U.S.C. § 1983 provides redress for civils rights violations of an individual's constitutional rights, it does not provide this Court with jurisdiction to address Plaintiff's criminal allegations of rape and attempted murder in a civil context.

(Doc. 6 at 3 in Case No. 1:18-cv-433). Based upon the "illogical and incomprehensible"

nature of the allegations, the undersigned once again recommended *sua sponte* dismissal.   In fact, the undersigned has similarly found, in every prior case assigned to her upon initial screening, that "Plaintiff's factual allegations are illogical and incomprehensible."  (Case No. 1:17-cv-209, Doc. 4 at 3; Case No. 1:17-cv-211, Doc. 7 at 3; Case No. 1:17-cv-505, Doc. 4 at 3).   Judge LItkovitz has similarly found Plaintiff's complaints to be "rambling, difficult to decipher, and border[] on the delusional," with "no factual content or context from which the Court may reasonably infer that the defendants violated the plaintiff's rights."  (Case No. 1:17-cv-710, Doc. 4 at 3; Case No. 1:17-cv-210, Doc. 7 at 3).

Plaintiff's current complaint contains similar illogical, incomprehensible, and apparently delusional allegations.  Plaintiff seeks a Court order removing her from "ALL of the following," listing a series of difficult-to-decipher documents, including "certifications and recertifications and uncertifications by GE…." and "Russian patents…."   Other allegations refer in a disjointed manner to "human trafficking" and "rape and murder by AA Central Office."   (Doc. 1-1 at 3-4).  Accordingly, Plaintiff's current complaint once again fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. §1915(e)(2)(B).

Last but not least, considering that this is Plaintiff's seventh frivolous case filed in this Court found to be subject to summary dismissal on initial screening, it is appropriate to put Plaintiff on notice and to warn her that she will be subject to sanctions if she continues to file such frivolous lawsuits with this Court, which sanctions will include, but not be limited to, a pre-filing restriction that would prohibit her from filing any additional complaints without leave of Court. *See Baldwin v. KeyCorp Bd. of Directors*, 2014 WL

4

2695502, at *1 (S.D.Ohio 2014).

### III. Conclusion and Recommendations

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. Finally, **IT IS RECOMMENDED** that any Order of adoption include an express and explicit warning to Plaintiff that she will be subject to sanctions if she continues to file such frivolous lawsuits with this Court, which sanctions will include, but not be limited to, a pre-filing restriction that would prohibit her from filing any additional complaints without leave of Court.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

PAULA ZELESNIK,                                    Case No. 1:18-cv-478

     Plaintiff,

                                      Black, J.

vs.                                                Bowman, M.J.

CORBETT CAUDILL, et. al.,

     Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6